IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01988-BNB

JOHN BIRD TAYLOR,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, John Bird Taylor, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Taylor, acting *pro se*, attempted to initiate this action on July 17, 2014, by filing with the Court a letter concerning payment of debts (ECF No. 1), a notice of default (ECF No. 3), and a petition to pay debts (ECF No. 4), each of which is unintelligible.  The Court opened this case under 42 U.S.C. § 1983 because Mr. Taylor is a state prisoner and did not appear to be asserting a challenge to the fact or duration of his conviction or sentence.

    The Court reviewed the documents and determined they were deficient. Therefore, on July 18, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Taylor to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The July 18 order pointed out that Mr. Taylor failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form.  The July 18 order also pointed out that he failed to submit a certified account statement for the six-month period immediately preceding this filing and a Prisoner Complaint.  The July 18 order directed him to file on the proper, Court-approved form a Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The July 18 order further directed Mr. Taylor to obtain, with the assistance of his case manager or the facility's legal assistant, the current, Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint.  The July 18 order warned Mr. Taylor that if he failed to cure the designated deficiencies and file a Prisoner Complaint that complied with Rule 8 within thirty days, the action would be dismissed without prejudice and without further notice.

On July 22, 2014, Mr. Taylor submitted a letter to the clerk of the Court (ECF No. 7).  On July 29, 2014, he submitted a document titled "Second Notice of Default" (ECF No. 8).  On August 22, 2014, he tendered a document titled "Judgement [sic] and Order of Default" (ECF No. 9).  Mr. Taylor has failed within the time allowed to cure the designated deficiencies and file a Prisoner Complaint as directed.  Therefore, the action will be dismissed without prejudice for Mr. Taylor's failure to cure the designated deficiencies and file a Prisoner Complaint as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Taylor files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, John Bird Taylor, within the time allowed to cure the deficiencies designated in the order to cure of July 18, 2014, and file a Prisoner Complaint that complied with the pleading requirements of Fed. R. Civ. P. 8 as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 26th day of August, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court